1

2

3

4

5

6

*E-FILED - 7/3/08*

7

8

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

NAM VAN HUYNH,                          )          No. C 08-2195 RMW (PR)
                                        )
            Petitioner,                 )          ORDER TO SHOW CAUSE

13
                                        )
    vs.                                 )

14
                                        )
B. CURRY, Warden,                       )

15
                                        )
            Respondent.                 )

16 _____)

17      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

18 pursuant to 28 U.S.C. § 2254 challenging a decision by the Governor of California

19 ("Governor") to deny him parole.  Petitioner has paid the filing fee.  The court orders

20 respondent to show cause why the petition should not be granted.

21                              **STATEMENT**

22      In 1989, petitioner was sentenced to a term of 17 years-to-life in state prison after

23 his conviction for second degree murder in Santa Clara County Superior Court.  In 2002,

24 the California Board of Prison Terms found petitioner to be suitable for parole.  In 2003,

25 the Governor reversed this decision.  Petitioner challenged this decision in a habeas

26 petition filed in the superior court, which petition was granted and the Governor's

27 decision was vacated.  Respondent appealed, and in 2006, the California Court of Appeal

28 affirmed and modified the superior court's decision by allowing the Governor to again

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Huynh195oscparole.wpd      1

1  review the reinstated grant of parole.  Based upon the appellate court's decision, the

2  superior court, on April 14, 2006, vacated the Governor's 2003 parole denial and

3  remanded the matter to the Governor for reconsideration of his decision "if he so

4  chooses."

5         Meanwhile, petitioner had again appeared before the Board in 2005 for a

6  subsequent parole hearing.  Again, the Board found petitioner to be suitable for parole.

7  On April 27, 2006, the Governor again reversed the Board's decision and denied parole.

8  This decision did not mention the Board's 2002 suitability finding.

9         Because he did not hear from the Governor about the Board's reinstated 2002

10  grant of parole, petitioner filed a further habeas petition in the superior court on

11  September 11, 2006.  The superior court granted the writ, and ordered petitioner's

12  immediate release.   Respondent appealed to the California Court of Appeal, which again

13  reversed the superior court's decision finding the Governor's April 27, 2006 decision was

14  meant to also apply to the 2002 grant of parole.  On March 19, 2008, the California

15  Supreme Court denied a petition for review in which petitioner claimed, as he does here,

16  that the Governor violated his right to due process by failing to make a timely and

17  definitive statement that he was reversing the Board's 2002 grant of parole.  Shortly

18  thereafter, petitioner filed the instant petition.

19                                     **DISCUSSION**

20  A.      Standard of Review

21         This court may entertain a petition for writ of habeas corpus "in behalf of a person

22  in custody pursuant to the judgment of a state court only on the ground that he is in

23  custody in violation of the Constitution or laws or treaties of the United States."  28

24  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

25         A district court shall "award the writ or issue an order directing the respondent to

26  show cause why the writ should not be granted, unless it appears from the application that

27  the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

28  B.      Petitioner's Claims

1    As grounds for federal habeas relief, petitioner claims that the Governor violated

2  his right to due process by failing to issue a definitive and timely decision reversing the

3  Board's 2002 grant of parole.  Liberally construed, petitioner's allegations are sufficient

4  to require a response.  The court orders respondent to show cause why the petition should

5  not be granted.

6                                **CONCLUSION**

7    1.    The clerk shall serve by mail a copy of this order and the petition

8  and all attachments thereto upon the respondent and the respondent's attorney, the

9  Attorney General of the State of California.  The clerk shall also serve a copy of this order

10  on petitioner.

11  2.    Respondent shall file with the court and serve on petitioner, within **ninety days** of

12  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

13  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

14  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

15  portions of the underlying state criminal record that have been transcribed previously and

16  that are relevant to a determination of the issues presented by the petition.

17    If petitioner wishes to respond to the answer, he shall do so by filing a traverse

18  with the court and serving it on respondent within **thirty days** of the date the answer is

19  filed.

20    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of

21  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

22  Governing Section 2254 Cases within **ninety days** of the date this order is filed.  If

23  respondent files such a motion, petitioner shall file with the court and serve on respondent

24  an opposition or statement of non-opposition within **thirty days** of the date the motion is

25  filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen**

26  **days** of the date the opposition is filed.

27    4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded

28  that all communications with the court must be served on respondent by mailing a true

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Huynh195oscparole.wpd    3

1  copy of the document to respondent's counsel.  Petitioner must keep the court and all

2  parties informed of any change of address by filing a separate paper captioned "Notice of

3  Change of Address."  He must comply with the court's orders in a timely fashion.  Failure

4  to do so may result in the dismissal of this action for failure to prosecute pursuant to

5  Federal Rule of Civil Procedure 41(b).

6        IT IS SO ORDERED.

7  DATED: __7/1/08_____                    _Ronald M. Whyte_____

8                                           RONALD M. WHYTE
                                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Huynh195oscparole.wpd    4