1
2
3
4
5                                          *E-FILED - 3/24/10*
6
7
8
9                          IN THE UNITED STATES DISTRICT COURT
10                       FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
NAM VAN HUYNH,                          )          No. C 08-2195 RMW (PR)
12                                      )
                Petitioner,             )          ORDER OF DISMISSAL
13                                      )
     vs.                                )
14                                      )
B. CURRY, Warden,                       )
15                                      )
                Respondent.             )
16  _____)
17          Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

18  28 U.S.C. § 2254 challenging a decision by the Governor of California ("Governor"), reversing

19  the 2002 Board of Parole Hearings' ("Board") grant of parole.

20          In 1989, petitioner was sentenced to a term of 17 years-to-life in state prison after his

21  conviction for second degree murder in Santa Clara County Superior Court.  In 2002, the

22  California Board of Prison Terms found petitioner to be suitable for parole.  In 2003, the

23  Governor reversed this decision.  Petitioner challenged this decision in a habeas petition filed in

24  the superior court, which petition was granted and the Governor's decision was vacated.

25  Respondent appealed, and in 2006, the California Court of Appeal affirmed and modified the

26  superior court's decision by allowing the Governor to again review the reinstated grant of parole.

27  Based upon the appellate court's decision, the superior court, on April 14, 2006, vacated the

28  Governor's 2003 parole denial and remanded the matter to the Governor for reconsideration of

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.08\Huynh195dismoot.wpd

1   his decision "if he so chooses."

2        Meanwhile, petitioner had again appeared before the Board in 2005 for a subsequent

3   parole hearing.  Again, the Board found petitioner to be suitable for parole.  On April 27, 2006,

4   the Governor again reversed the Board's decision and denied parole.  This decision did not

5   mention the Board's 2002 suitability finding.

6        Because he did not hear from the Governor about the Board's reinstated 2002 grant of

7   parole, petitioner filed a further habeas petition in the superior court on September 11, 2006.

8   The superior court granted the writ, and ordered petitioner's immediate release.   Respondent

9   appealed to the California Court of Appeal, which again reversed the superior court's decision

10  finding the Governor's April 27, 2006 decision was meant to also apply to the 2002 grant of

11  parole.  On March 19, 2008, the California Supreme Court denied a petition for review in which

12  petitioner claimed, as he does here, that the Governor violated his right to due process by failing

13  to make a timely and definitive statement that he was reversing the Board's 2002 grant of parole.

14  Shortly thereafter, petitioner filed the instant petition, claiming that the Governor's failure to

15  issue a definitive statement reversing the Board's 2002 grant of parole violated his federal right

16  to due process.

17       Since then, on December 11, 2008, petitioner was released on parole.  Where a prisoner

18  seeks release on parole and does not challenge the validity of his conviction, his habeas petition

19  becomes moot once he is released on parole.  See Fendler v United States Bureau of Prisons, 846

20  F.2d 550, 555 (9th Cir. 1988); see also Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir.

21  2005) (finding habeas petition still moot after petitioner violated parole and was reincarcerated);

22  Reimers v Oregon, 863 F.2d 630, 632 (9th Cir. 1988) (a moot action is one in which the parties

23  lack a legally cognizable interest in the outcome).

24       Here, petitioner claims that the Governor's failure to issue a definitive statement

25  reversing the Board's 2002 grant of parole was unlawful.  Because petitioner has now been

26  released on parole and does not challenge his conviction, he lacks a cognizable interest in the

27  outcome of this action.  See Reimers, 863 F.2d at 632.  That the relief he seeks may result in the

28  possible earlier termination of parole supervision does not circumvent mootness.  See Fendler,

1   846 F.2d at 555 (rejecting claim of exception to mootness by federal prisoner who could seek

2   review of his eligibility for early termination of parole by applying to the parole commission).

3       For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254

4   is DISMISSED as moot.  The clerk shall enter judgment in accordance with this order and close

5   the file.

6       IT IS SO ORDERED.

7   DATED: _____3/23/10_____

*Ronald M. Whyte*

8                       RONALD M. WHYTE
                        United States District Judge